**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1334

CHELLY SUMARLIN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-254-696)

Submitted: September 19, 2005        Decided: October 26, 2005

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Office of Immigration
Litigation, Civil Division, Chris K. Gober, Office of Legal Policy,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Chelly Sumarlin, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming without opinion the ruling of the immigration judge finding Sumarlin removable and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny the petition for review.

We will reverse a determination denying eligibility for asylum "only if the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations omitted). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). The immigration judge did so in this case.

We have reviewed the evidence of record and find that substantial evidence supports the immigration judge's conclusion that Sumarlin failed to establish either past persecution or a well-founded fear of future persecution. Accordingly, we uphold

---

[*]Sumarlin does not challenge the immigration judge's denial of protection under the Convention Against Torture. Therefore, this claim is waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

the immigration judge's denial of asylum relief, as affirmed by the Board.

As Sumarlin failed to sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). Therefore, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>